# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:02-CR-110-TS |
| | ) | (1:05-CV-299-TS) |
| VERTRAN M. WHEATON | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Vertran M. Wheaton's Application for a Certificate of Appealability [DE 116].

## BACKGROUND

The Defendant was indicted, tried, and convicted of knowingly distributing more than five grams but less than fifty grams of cocaine base, commonly known as crack, on October 4, 2002. On December 15, 2003, the Court sentenced the Defendant to ninety-two months of imprisonment and four years of supervised release.

On December 22, 2003, the Defendant filed his Notice of Appeal. On September 24, 2004, the court of appeals dismissed the Defendant's appeal by way of an unpublished order. The appellate court agreed with defense counsel's assessment of the appealable issues presented by way of an *Anders*' brief: it would be frivolous to argue that the district court abused its discretion by admitting Rule 404(b) evidence and by not permitting defense counsel to read from a court order during closing argument; the Defendant's confrontation clause claim relating to a photo array was frivolous, and; testimony from detectives provided sufficient evidence for the jury to find that the Defendant distributed crack.

On August 24, 2005, the Defendant filed his Motion under 28 U.S.C. § 2255, claiming that his trial counsel was ineffective. The government responded on October 3, 2005, and the Defendant replied on October 24. On October 31, the Court denied the Defendant's motion to vacate his

sentence.

On January 3, 2006, the Defendant filed a Notice of Appeal and an Application for a Certificate of Appealability, desiring to appeal this Court's denial of his petition for relief under § 2255.

## DISCUSSION

Rule 22(b)(1) of the Federal Rules of Appellate Procedure states that:

in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.

Fed. R. App. P. 22(b)(1). Section 2253(c) states the final order in a proceeding under § 2255 may not be appealed without the issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability is issued only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3). "This means . . . that 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322 (2003)).

The Defendant claims he was denied the Sixth Amendment's guarantee of effective assistance of counsel. A successful claim of ineffective assistance of counsel requires the petitioner to make two showings: "First, the petitioner must show that counsel's performance fell below an objective standard of reasonableness as determined by prevailing professional norms. Second, the petitioner must show that the deficient performance of counsel prejudiced his defense." *Sanders v.*

*Cotton*, 398 F.3d 572, 583–84 (7th Cir. 2005).

The Defendant's claim that his counsel was ineffective centers around whether the substance he was charged with, and convicted of, distributing was cocaine base, also known as crack, or whether it was instead a noncrack form of cocaine base. As detailed in the Court's October 31 Opinion and Order, the Defendant did not establish either prong of the test for ineffective assistance of counsel. The Defendant did not present evidence or argument that would incline reasonable jurists to debate whether counsel should have acted differently with respect to the lab reports at issue or that the outcome of his trial would have been different had counsel acted in the manner argued by the Defendant. The Court also notes that Seventh Circuit has determined, on direct appeal, that there was sufficient evidence for the jury to find that the Defendant distributed crack. This Court does not find that the arguments presented in the Defendant's § 2255 motion warrant an appeal of this Court's Opinion and Order denying that motion.

## CONCLUSION

The Defendant has not made a substantial showing of the denial of a constitutional right and his Application for Certificate of Appealability [De 116] is DENIED.

SO ORDERED on February 22, 2006.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3